**Antonio L. MARTARELLO, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. 11453.**

United States District Court
W. D. Pennsylvania.

Dec. 15, 1955.

George S. Goldstein, Pittsburgh, Pa., for plaintiff.

Hubert I. Teitelbaum, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., for damages to plaintiff's tractor-trailer in the amount of $1,600 alleged to have arisen out of a collision with a United States Army truck on May 6, 1952. In its Answer the United States of America denies negligence on the part of the driver of the Government truck, avers that the negligence of the driver of plaintiff's tractor-trailer contributed to the happening of the accident, and by Counterclaim sets forth its demand for $920.89 against the plaintiff for damages to the United States Army truck.

The Court makes the following Findings of Fact, Conclusions of Law and direction of Judgment.

### Findings of Fact

1. Plaintiff is the owner of a tractor-trailer truck which was being operated on May 6, 1952 by an employee in the scope of his employment.

2. The defendant is the United States of America.

3. In the early morning hours of May 6, 1952, a two and one-half ton army truck, owned by the defendant and operated by a soldier of the United States Army in the regular course of his duties,

became disabled while it was proceeding West on the Pennsylvania Turnpike near mile post 80 between Irwin, Pennsylvania and Newton, Pennsylvania. The truck, known as a 6 by 6, lost the right front wheel of the rear tandem and the truck was stopped on the right side of the highway in an angular position, its front left wheel being close to the left lane of the two lanes going West, its two right rear wheels being on the berm, and its two left rear wheels being on the highway about two feet from the berm. The road at this point was on the straightaway, but a few hundred feet to the rear there was a curve to the left leading up to the area.

4. The width of the berm at the place where the truck stopped was not sufficient to accommodate the entire width of the truck, and it remained parked partly off and partly on the right lane of the highway from about 1:30 A.M., until the time of the accident at about 4:00 A.M.

5. The road was wet. Heavy rain had fallen earlier, and at the time of the accident there was light rain and mistiness over the area.

6. The Sergeant in charge of the vehicle left it and made a trip to the South Park Army Station near Pittsburgh for instructions as to how to get the vehicle off the highway, and returned to the truck with orders from his superiors to put a new wheel on the front right rear tandem. No wrecker was sent to remove the disabled truck. The soldiers placed a jeep on the berm ahead of the truck in a manner which enabled the Sergeant and another soldier to use the light from its headlamps as they worked to put on the new wheel.

7. No flares were placed as a warning to traffic coming from behind the truck until six 30-minute flares were supplied by an officer of the Pennsylvania State Police and placed at intervals on the berm behind the parked truck. There were reflector lights on the back of the truck.

8. While they worked, the Sergeant sent a third soldier back along the highway about 200 yards to warn approaching traffic with a flag and a flashlight and a lighted flare.

9. At about 4:00 A.M., plaintiff's tractor-trailer traveling West approached the area where the defendant's truck was parked. At that time only one of the six flares was left burning, and the light it gave was dim and fizzing out.

10. The driver of the plaintiff's tractor-trailer was using the right lane of the highway and saw nothing to attract his attention until he was about 200–300 feet away from the parked truck. Not until he was 100 feet away did he see that there was a vehicle obstructing the right lane. His tractor-trailer hit the rear left side of the Army truck before he swerved into the left lane and passed the truck, stopping about 20 feet beyond. The part of the Army truck that plaintiff's driver hit was not the part nearest the unobstructed left lane, but was that portion closest to the berm edge of the right lane.

11. When the soldiers working under the truck saw the plaintiff's tractor-trailer heading toward their disabled vehicle, they succeeded in crawling out before the crash, the impact of which moved the parked truck about ten feet forward.

12. As a result of the collision, plaintiff's tractor-trailer was damaged in the amount of $1,600 and defendant's truck was damaged in the amount of $920.89.

### Conclusions of Law

1. This Court has jurisdiction of the cause of action by virtue of the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. The damages to plaintiff's tractor-trailer as a result of the accident were in the amount of $1,600 and the damages to defendant's truck were in the amount of $920.89.

3. The accident was caused in part by the negligence of the defendant in failing to have sufficient warning of the presence of the disabled truck which was obstructing the right lane of the highway.

4. There was negligence on the part of the driver of plaintiff's tractor-trailer which contributed to the happening of the accident, in failing to have his tractor-trailer under proper control at the time of the accident.

5. On the plaintiff's claim against the defendant, the defendant is entitled to judgment in its favor.

6. On the defendant's counterclaim against the plaintiff, the plaintiff is entitled to judgment in his favor.